IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

BLANCHY HERNANDEZ                                    CASE NO. 21-16716-LMI
                                                     CHAPTER 13
        Debtor.
_____/

**MOTION FOR RECONSIDERATION OF**
**ORDER SUSTAINING OBJECTION TO CLAIM NUMBER 3-1**

    Wollemi Acquisitions, LLC ("Movant") ("Movant") seeks reconsideration of the Order Sustaining Objection to Claim Number 3-1 (Doc. No. 32), pursuant to Section 502(j), Federal Rule of Bankruptcy Procedure 3008 and Federal Rule of Civil Procedure 60(b), as incorporated by Federal Rule of Bankruptcy Procedure 9024, and states:

    1.    Creditor filed Proof of Claim Number 3-1 ("Claim") in the total amount of $10,875.00 as to its interest in the following vehicle: **2013 Honda Civic Coupe 2D EX I4; VIN: 2HGFG3B83DH519590** ("Vehicle").

    2.    As indicated on the Title and Bill of Sale attached to the Claim, Movant is the lienholder on the Vehicle.

    3.    On August 26, 2021, Debtor filed an Objection to the Claim (Doc. No. 26) alleging that the Vehicle was repossessed pre-petition and therefore the Claim should be stricken and disallowed.

    4.    Movant, however, was not and is not currently in possession of the Vehicle and asserts it has no record of it being repossessed.

    5.    An Order Sustaining Objection to Claim Number 3-1 ("Order") was entered on September 17, 2021 (Doc. No. 32) disallowing the Claim.

6. Federal Rule of Bankruptcy Procedure 3008 permits a party in interest to move for reconsideration of an order disallowing a claim.

7. In addition, 11 U.S.C. §502(j) permits a disallowed claim to be reconsidered for cause, according to the equities of the case.

8. Movant contend that equity permits a reconsideration of the Claim.

9. The reason Movant did not file a timely response to Debtor's Objection was because of a temporary issue in routing the Objection to the appropriate litigation department.

10. Movant contends that the above amounts to excusable neglect.

11. In determining the existence of "excusable neglect" the Supreme Court noted that the test is "at bottom an equitable one, taking account of all relevant circumstances surrounding a party's omission." *In re Weinraub*, 351 B.R. 779, 781 (Bankr. S.D. Fla. 2006), citing, *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993) ("The Supreme Court then adopted a four-factor test, which consists of: (i) prejudice to the Debtor; (ii) length of the delay and its potential impact on judicial proceedings; (iii) the reason for the delay; and (iv) whether the movant acted in good faith."). Movant asserts it satisfies each of the *Pioneer* factors.

12. The equities here favor reconsideration, as the Plan has not yet been confirmed and reconsideration would have little to no impact on the judicial proceedings and there is no prejudice to the Debtor.

13. Moreover, presumably, the Debtor does not intend to treat Movant inside of the Plan.

14. Accordingly, Movant only seeks reconsideration to reaffirm its secured interest in the Vehicle and allow the Claim as filed without distribution to preserve the same.

**WHEREFORE**, Movant respectfully requests the Court reconsider the Order Sustaining Objection to Claim Number 3-1, allow the Claim without distribution and for such other and further relief as the Court deems appropriate.

*/s/ Gavin N. Stewart*
Gavin N. Stewart, Esquire
Florida Bar Number 52899
P.O. Box 5703
Clearwater, FL 33758
P: (727) 565-2653
F: (727) 213-9022
E: bk@stewartlegalgroup.com
Counsel for Movant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF notice and first-class mail this 8th day of October 2021.

*/s/ Gavin N. Stewart*
Gavin N. Stewart, Esquire

**VIA FIRST-CLASS MAIL**
Blanchy Hernandez
10007 SW 23rd Terrace
Miami, FL 33165

**VIA CM/ECF NOTICE**
Patrick L. Cordero, Esq
7333 Coral Way
Miami, FL 33155

Nancy K. Neidich
POB 279806
Miramar, FL 33027

U.S. Trustee
Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130